Before we proceed with our scheduled cases, we have two bar admissions, one of the pleasant to my law clerks and one of Judge Proust's law clerks. So I will proceed and move the admission of Peter John Sowert, who is a member of the bar in good standing of the highest courts of Virginia and the District of Columbia. I have knowledge of his credentials and am obligated to say that I will additionally say that Peter has been my law clerk for two years. He's done wonderful work. He's been a pleasure to work with and very bright and hardworking. And if any of this language deviates from that which I used two days ago in moving the admission of another law clerk, it is entirely unintentional. I know the law clerks in the gallery listen very carefully. So I would ask Judge Rady to preside and to propose the motion. The court grants the motion. Is there another? There is another. Judge Proust has a motion to make. Thank you. I move the admission of Amy Nelson, who is a member in good standing of the highest court of the District of Columbia. I have knowledge of her credentials and am satisfied that she possesses the necessary qualifications. And like Judge Lurie, I'd like to take the liberty to also say that this is a little emotional for me. It took us only a short time after Amy joined our chambers to realize one thing, and that is that under the calm, refined demeanor that she carries, there was just a tremendous enthusiasm for learning and for science and, above all, for the law. And I was very fortunate to enjoy the benefit of her talent and expertise and extraordinary good judgment over this past year. And it's just gone by way too fast. I wish her the best of luck, and she really doesn't need it, although perhaps we all need a little bit of luck. But she's got everything else going for her, and we respect and admire and care for her a great deal, both professionally and personally. I think we can grant that motion. I grant the motion of one of my finer patent law students. Very well prepared. Would you step forward  Would you raise your right hand and swear or affirm that you will propose yourself as an attorney and counselor of this court, uprightly and according to the law, and that you will support the Constitution of the United States of America. I do. Congratulations, and welcome to the bar of the United States Court of Appeals. You may have a certificate. Congratulations, and we wish you good fortune in the future. We have five cases on the calendar this morning, two government employee cases, a veterans benefits case, and two cases involving takings from the claims court, which will be combined for argument. One of the employee cases is submitted on the briefs and will not be argued. The first one is a veterans case, Donald Koschok v. Department of Veterans Affairs, 2007-73-11. Mr. Koschok. If it pleases the court, my name is Hugh Koschok, and I represent the veteran in this case, Donald L. Koschok. Mr. Koschok actually had two periods of enlistment, one which was honorable, the second which was not in his second enlistment. He served in the United States Marine Corps back in the 60s. In October 2000, the regional office denied his claim based on his undesirable discharge, which was considered to be dishonorable under the statutes that I'm sure you're well aware of. The BVA also denied on the same grounds on July 2002. Mr. Koschok, of course we've read the record. Isn't this a case about notice, which is a question of application of law-to-fact beyond our jurisdiction? I think it is a case, I hope, about your recent case of Melechuk, Melechuk requiring that in all cases there the veterans court take advantage of or take notice of the rule of prejudicial error. I hope that this is a case in which that applies, and regardless of, I realize, the previous cases up until that time, these had been remand cases requiring the court to take... But even if there's a presumption that the error might be prejudicial, can it be cured? I think it can be cured under certain circumstances, but as I read Melechuk, all cases must be considered for the rule of prejudicial error by the veterans court. Maybe I'm missing something, but my read was the court of veterans claims didn't reach the issue of prejudicial error because they found that the notice was sufficient. Am I right about that? You're correct. So why isn't, going back to Judge Lurie's question, why isn't their determination that the notice was sufficient a question of fact over which we have no jurisdiction? Again, I'm going back to your recent case in October of Melechuk. As I read the case, and I hope I'm correct, that this means that the veterans court must take judicial notice and must consider the rule of prejudicial error even where they say, well, this notice may have been adequate. I'm saying that the mere fact that they considered it adequate, they must take the next step, I think, I'm certainly contending, and consider the rule of prejudicial error. And in this case, I can see how under certain circumstances where legally there is no way the veteran can get the benefits. He didn't serve the amount of time, the other things. But in this case, the veteran made a proffer of evidence that he was insane during the period of time for which he received the undesirable discharge. You mentioned this Melechuk case. Did you cite that in your brief? It was cited, and I admit, two days ago as supplemental authority. But that didn't just issue. It did not just issue. It was issued in late 2007. In other words, the government has not had an opportunity to respond to your characterization. That's correct. Let me suggest that I think what happened here was that it was a case brought to my attention later. It was my position in my brief that Simmons and Sanders, I thought, overruled Mayfield 2, the case. But I think the Secretary's brief was very instructive, and I see it does not overrule that. But the evolution of the rule of prejudicial error, which has taken place over this period of time, was changed, I think, by Melechuk. And what was the error here, the error that you're contending was made? The error contending was that the court, the Veterans Court, did not consider the rule of prejudicial error. And I think they have to do so under circumstances. But what are you contending was prejudicial error? What is prejudicial, as I read Melechuk, is they must make an inquiry as to whether there was, the rule of prejudicial error was applied and considered in the case. And that's the way we read it. I hope that I can convince you of that. I think that under Conway, certainly... But is your allegation of error involving the inadequacy of the notice, involving the timing of the notice, what's the error that you contend? That they did not consider the rule of prejudicial error required by Conway. And I understand that the position of the court previously was that they need not apply the rule of prejudicial error, particularly in remand cases, things of that nature, if they never reach that. Would you state the rule of prejudicial error? Let's see if I can do this off the top of my head and correctly. Well, it seems to be the central premise of your argument. I would hope that you'd be able to... I hope that you will agree that the Court of Veterans' Appeals, the Veterans' Court, must make some inquiry as to whether there was a prejudicial error or not in virtually every case. And that they are not able to say, after Milledger, that we need not reach this... Isn't that part of every appeal? To see whether there was a prejudicial error made by the previous tribunal? In this case, though, the Veterans' Court never reached this in terms of discussing it and never made any reference to that. But this case is different than Sanders and Simmons, and I don't know whether that still applies to Milechek. But in Sanders and Simmons' context, there's an acknowledgment that there was error. And the question is then, who has the burden of proving what with respect to the impact of that error? Here, the government hasn't acknowledged there was error at all. And the CAVC, as I recall, the reason they didn't reach the issue of prejudicial error is because there was no finding of error. I mean, if there's no finding of... Doesn't the applicability of the rule of prejudicial error require an initial finding or concession of error before it's applied? I think that was true before Milechek. Okay, and what does Milechek now do or say that error is presumed? I think that what it says is that it requires the CAVC to review the record to determine if the VA met its burden of showing that the notice error was non-prejudicial. And if not... But you're right, but then again, they're conceding there was a notice error, as was the case in Sanders and Simmons. The government concedes error, and then the only question... Here, there's been no such concession, right? That's correct. So if there's no error, if the CAVC finds there was no error, if that's a question of fact, which we don't have jurisdiction to review, then why do we even get to the question of prejudicial error? Because I hope that Milechek requires that, and that this is an expansion of an inquiry. Yes, ma'am. So you're saying in every case where the veteran alleges error, even though the board or the veterans court says there was no error, the rule of prejudice... They still have to... Even though they find there was no error, they have to apply the rule of prejudicial error to a non-error? I'm not getting... Well, I think they must address it in the case based on Milechek. One of the problems we're dealing with, obviously, is the fact that your briefs hadn't cited and argued Milechek. That's true. That greatly diminishes the quality of the argument we're having. The point is well taken. I still ask the court to consider that this rule of prejudicial error, I think, applies in every veteran's case, and not just in remands. I think a simple and well understood rule of prejudicial error would be of great help to, certainly, attorneys like me. I was going to say I'm certainly glad after this inquiry that I'm not being sworn in today because I'm tap dancing here and I appreciate the questions. Without such an interpretation that I'm contending took place in Milechek, it seems to me there's always going to be a continuous misunderstanding affecting the essential fairness of the veteran's adjudication until the veteran's court makes this inquiry in every case. Do you want to save your remaining rebuttal time? I will. Thank you very much. Mr. Mikkel. Good morning, your honors. We stated our positions regarding the fact that the application of law to facts, in this case, is non-reviewable, and the finding that the notice was proper has been determined by at least four different panels of this court to be an application of law to facts, which the court did not possess jurisdiction. However, I would like to address the Milechek decision that the petitioner raised two days ago in a 28-J letter. Milechek is factually distinguishable because in Milechek there was an actual error in the notice. The problem there that the court found with the veteran's court decision, though, was that they never applied a prejudicial error analysis. They simply remanded back and said, conduct a new review of the veteran's claims. So in this case, your honor is absolutely right. His allegation, his argument primarily is, if the petitioner makes an argument of prejudice, it's presumed prejudicial without actually looking into the notice to determine was it proper, and then actually to see if there's any other reasons why he was put on notice so he could make his claims proper in the first instance. So in this case, we don't believe Milechek applies at all. And in fact, Milechek also stands for the proposition that the review of the notice is application of law to fact, and therefore it's not reviewable by this court. There's actually a quote where Milechek asked the court to review the notice, and the court then says, we will not do so because pursuant to the statute, that's an application of law to fact. I'm subject to your questions. Thank you, Mr. Mickel. We'll give Mr. Cox his rebuttal time if there's much to rebut. I shall give it a try. Thank you. If the court says, we will not do so, is that not the same as not addressing it in the issue or in the case and in the case decision? That's what I'm hoping that the court will find, is that the Veterans Court must address this rule of prejudicial error regardless of whether the veteran alleges the issue or not. And I'm asking you to take that into consideration. Obviously, you understand the decision very well, and I appreciate your attention to my client. Thank you. Thank you, Mr. Cox. The case will be taken under revising.